May it please the Court, Steve Sadie for Daniel Rodriguez. An active recusal order barred any Southern District of Florida judge from action as to Daniel Rodriguez. Under 18 U.S. C-3621B, the recommendation of the court that imposed sentence is a critical part of whether the Bureau of Prisons grants non-proton designation that in effect runs a sentence concurrent. The Chief Judge of the Southern District of Florida made the 3621B recommendation explicitly invoking the reason for the recusal, that there had been an offense involving a federal judge of that district. This Court has the authority to address the legal challenges. This is not a situation where we are challenging individual exercise of discretion. Let me ask you this. Assuming that we agree with your argument, is the remedy to return the case to reconsider without taking into account this letter? I would ask the court to first consider other equitable options. The court has power under the recusal statute. There's case law saying that you have equitable power to fix a situation. To do what, though? I mean, it might not have been any different without that letter. We don't know. We don't know. What I'm afraid of is we can never know because the pool has been so polluted by the, how do we get a fair, something that looks fair at this point, and with the amount of time clicking away? He's already 24 months. Well, I know, but how, where do we get the authority to decide what happens to him? I believe you have under three different statutes. 2243, which is the, gives you power under 2241 to do what law and justice requires in a habeas case. Under the recusal statute, the Supreme Court has said it's up to the courts to try to figure out a just result. And under 2106, the court has the general appellate power to fix a situation. This is a classic equitable situation. I'm going to ask both counsel to address this question. Is this a matter that might be assisted by mediation? Because it doesn't seem, I guess just speaking for myself, I would feel very odd deciding what should happen without having the appropriate body do that. But is that something that might be useful in this case? I think that it would need to be predicated on, if the court is concerned about the recusal, the violation of the recusal order, which I hope the court is, I do not know what the Bureau of Prisons response would be. Obviously, we are always open to a result. I'll find out. I do think that the court has the power today to say, look, this has gone far enough. It's an obvious violation. It wasn't caught. He brought it up early. All through the pro se litigation, it was ignored. You now have a good, clear shot at it. This is wrong. He's already served an effective consecutive sentence. What we've basically suggested as a solution... Go ahead. What was your other question? I just wanted to say that we're dealing with a lot of the clemency petitions. And what the president is doing with some of these granted with the clemency for pre-release custody. What I was suggesting, if the court determines that, yes, there was a violation, no, there's really not time to fix it without creating more irreparable harm, I'm ordering that he have that time credited by non-proton so that the projected release date is four months from the date of your order to allow him to go into pre-release custody. Do you have any case law that says we have that authority to give that kind of direction to the BOP? I think that it's... Do you have a case on that? Because I never heard of anything other than in the rare case where you can challenge a BOP order to say, well, go back and do it over again. I do this fairly often in the residential drug abuse program. We have a generation of litigation, and we often ask for equitable relief in the form of give him relief while we have the case continuing. As a matter of fact... How do we know what else his prison record is or anything else to even make that decision? I mean, it seems to me... The judge dismissed this case for lack of jurisdiction, right? So, let's assume she was wrong and there is jurisdiction. Our options are, it seems to me, to go back to the judge and say, you have jurisdiction, go consider the merits of this. Or, as a matter of law, they shouldn't have considered the letter from the Alabama judge. Grant the writ on the condition that they go back, the BOP go back and reconsider his application. Now, there may be other things. For all I know, he's beating up the guards or not coming out of his cell at lunch or whatever. We don't know. I mean, how do we know that? How can we know that? The record does not reflect any such bad conduct? We don't know good, bad, or otherwise. The fact of the business, everybody is released. And the question is whether the legal error that has resulted in a 24-month consecutive sentence that has not been properly done, whether, as a remedy, he is put into a situation where he has pre-release custody. The reason I'm suggesting the four-month gap is exactly that reason, is to make sure, okay, the people on supervised release, the probation office will have time to say, okay, here's a person who's coming out. The BOP will say, okay, this is a person who, his program will be this halfway house or this home detention for the last four months. He's supposed to get up to a year, but, you know, the four months, I think, is a reasonable way of... What would be wrong with an order saying the district judge's order is reversed? She's directed to issue a writ that instructs the Bureau of Prisons to reconsider his application without that errant letter and to do so within 30 days. The problems are, I think that the... First of all, obviously, the 30 days is consecutive. But more than that, what we are concerned about, we have a whole bunch of other issues that we've raised about the procedure for doing the 3621B non-proton designation in this context where there's conflicting orders. And... But if we gave relief on that ground, why would we reach any other issue? If the thing was tainted in violation of either statute or the due process clause, why isn't that the end of the matter for us? Because he still ends up with a... He should have, as an equitable relief... Well, I know I'm talking about the issues that you raised here. Why would we decide any of the other issues that you've raised? The suggestion was with a remand to the district court judge to decide the issue based solely with striking the letter. And the biggest problem is the appearance. No, I'm saying go back, Bureau of Prisons, you shouldn't have considered the letter for all the reasons you have said. Now go back and consider his application without the letter and do it fast. What's wrong with that? What's wrong with that is that the appearance... How do they take out of their brains that the entire Southern District of Florida court thinks it's an insult to a federal judge not to grant it? The appearance alone, both as a due process... Well, that makes me back up then, have to, you know, back way up. Your case is that under the statute, right, the only person who can make a recommendation to the Bureau is the sentencing court, right? Is that right? I'm saying that that letter, one of the three reasons... I mean, the statutory requirement that binds the BOP is, you know, they can get a recommendation from the sentencing court. Is that right? The sentencing... Now, you know, throughout Title 28 and Title 18, I think, the use of the term the court is ambiguous. Sometimes it refers to an individual judge, sometimes it refers, we'll say, to the Southern District of Florida as the court, right? You know, it's used both ways. This one's... So, just a minute, let me finish my question. So, if you... If the phrase is interpreted to mean the sentencing court, namely, you know, the district or whatever it is that does the sentencing, then it's okay to get a recommendation from that court. And, of course, the person who speaks for that court is the chief judge. Now, furthermore, the act of the chief judge in making a recommendation to the BOP, some could say, you know, is not governed by the recusal statute because it's not a judicial act. It's just a recommendation to the BOP, right? So, given those... I'm not saying, you know, that analysis is entirely convincing to me, but given those considerations, this is not an open and shut case for you, you know, is what I'm saying. Right? So, don't you think, given that, it's not a clear case to say, well, you know, we should grab this case and tell the BOP what to do? I think it is, and the reason is that the recusal letter, the letter from the recused chief judge, was copied to the sentencing judge. The statute, 3621B, refers to the court that imposed the sentence. So, unlike other cases, it's talking about the sentencing judge specifically. Well, that's one interpretation, but, you know, I don't believe that's the only interpretation, the court that imposed the sentence in the Southern District of Florida. That's the court. Whatever that means, it can't mean the recused judge for the same reason that results in a consecutive sentence to punish the person who allegedly assaulted a federal judge, and that was the reason for the recusal order in the first place. Right. I'm just telling you that's one view of the circumstances here, and I don't think your case is as solid as you think it is. Understood. All I know for sure is that you're out of time. Thank you. Okay. Thank you. Good morning. Good morning, Your Honors. Adriana Sath. I'm an assistant U.S. attorney out of Sacramento. May it please the Court. I agree this case ends up being more about the recusal statute than it does the non-protonc. Your Honor had asked if the government is open to mediation. If the Court disagrees on our reading of 455D, which is the definition of a proceeding, then yes, we would accept referral into mediation. Well, there's also, I think, a due process issue here, and also the BOP's internal policies appear to tell the BOP to look at the recommendation of the sentencing judge, not the Court, but the sentencing judge, because there's a statement in there, when the original sentencing judge is no longer available and the assigned judge offers no opinion, then there are some procedures to follow. So there's certainly a strong argument, it seems to me, that there's a failure to follow the law here. And I'm just speaking for myself. If we were to disagree with you on the merits, what do you think the appropriate bottom line would be? I would accept mediation. The remedy, if the case doesn't end up in mediation, I agree with what Judge Silverman suggested, which would be it would go back, possibly through the district court, to the BOP with instructions to reconsider without the letter, in its discretion. Is there some way that process could be speeded up, if that were the way to go? I don't think the BOP would have any... I mean, so it doesn't take months and months and months and months? I think a short deadline would be acceptable in this case. I do a lot of immigration cases, and I think this is just like in the Ventura-type cases, where the agency is the one that has the discretion, but an error may have been made. The remedy is it goes back to the agency to exercise its discretion anew. But if I can take a run at arguing that 455D, the preceding issue, I want to bring the Court's attention to the page in our supplemental excerpts of record, which is the Florida Clarification of Judgment, which I would offer to the Court by way of contrast. It's at page one of our supplemental excerpts. And that is a proceeding. So in 2008, Mr. Rodriguez takes a run at convincing the visiting judge in the Southern District of Florida that he should be credited for time when the state court has vacated his sentence. That has all the hallmarks of being a judicial proceeding. So the parties are participating. It hits the public docket. The judge is issuing an order, and at the end of the order, the judge even gives the parties time to object to the amendment of its order. By contrast, this letter back from the sentencing court to the BOP isn't any of that. It's just a letter asking for a non-binding recommendation from the sentencing court. And that's what you see. And there isn't any case law exactly on point. Opposing counsel cites MEMPA v. Wray, which is an interesting case because it has a component to it that is also a non-binding recommendation. That's a Supreme Court case about the right to counsel. But it also has an important section in it, and the Court actually says more importantly than the non-binding recommendation, two things happen in that state court proceeding in that case. In addition to the non-binding recommendation of the sentencing judge, that's the opportunity for the petitioner to invoke appellate rights, and that's the opportunity for the petitioner to withdraw his guilty plea. And I would submit in MEMPA it's those constitutional rights that cause the Supreme Court to say, this is an important proceeding at which there is a right to counsel. Here, the letter between BOP and the sentencing court doesn't have those additional hallmarks. Isn't all that beside the point if BOP should not have considered it because it's not the sentencing judge? I mean, it's a completely separate question. In other words, the recusal statute may not have been violated, but if some other statute or internal process was violated, we're still at the same place, correct? They're independent grounds. If the BOP's violation of its own program statement would rise. As an interpretation of 18 U.S.C. section 3621b-4, which talks about the sentencing court, but then BOP has interpreted that, as have most cases that I could find, to mean the sentencing judge specifically, the individual. So if that was violated, all of this doesn't matter, does it? I don't believe that the agency's violation of its own program statement would rise to the legal error that would give this court jurisdiction. Well, if that's their interpretation of the statute, and if that's what the statute means, it's a violation of a separate statute. So I guess all I'm trying to find out is if you think these two issues are interrelated or whether they're separate challenges to the order. Is there some kind of interpretation of that section by the BOP? Like a policy statement or regulation in the CFR or something like that? What I'm getting at is how much deference should we give to the BOP's interpretation? It's a program statement. It's in the supplemental excerpts of records. And it is the program statement that this court has previously held valid in Taylor and Reynolds, which the government's position in this case also is that those two still remain good law on that point. And there's not a regulation, so it's just a program statement. And then the statute, as Your Honor says, the statute doesn't contain any directive that it has to be. No, but I have not found a single case. I did look at this, but I haven't found a single case that says that it's the court as an entity rather than the sentencing judge. I haven't found a single case. Did I miss one? Do you know of one? I looked, too, Your Honor. You couldn't find one either. I'm going with mostly a common sense argument here. If you look at the judgment and commitment, it comes from the Southern District of Florida. All the correspondence in this case is directed to Judge Probst, sitting as the Southern District of California. That's really the best argument that I have on that. But I think our better argument is that it's the mere violation of a program statement as opposed to the statute. If there were a violation of the statute, I'd be in trouble. I mean, that's ultimately the question is what the statute means. But I guess I couldn't find anything that said that in that particular section, court meant the institution. It seemed to be without having a good case on either side, I couldn't find any cases saying that that meant something other than the sentencing judge individually. I think that's right. And then I think this ends up being kind of like almost a plain error analysis where if there isn't clear law from this court saying that the BOP doing it this way is error, then it can't be part of this. That's harder to say when your own internal procedures say send it to the sentencing judge. And if the sentencing judge isn't available, here's a bunch of procedures which were not followed in this case. Well, the BOP did send the letter to the sentencing judge, just a minor point, and maybe it doesn't make a difference. It didn't answer. The answer comes back from the chief judge speaking for the entire court, and that's an inference because the CC is the visiting judge there as well. I want to make sure I understand your answer to Judge Graber's question about the mediation. I think I heard you say, A, you think you ought to win, and, B, if you don't win, then you'd like to mediate. Is that basically what your position is? Maybe I'm not supposed to say that out loud. Well, we'd have mediation before we decide who's going to win or lose. Are you in regular touch with the Bureau of Prisons? I mean, could you let us know within a day or two whether there's a settlement possible here? Absolutely. Do you deal with them locally, or do you have to call Washington, or how do you do this? Can you get a quick? What I'm asking is a quick turnaround. Yes, I can get a quick turnaround to the court, maybe next week. Okay. Good. Judge Graber? I'm sorry. Should I await order of the court, or should I? I'm sorry? Should I await further order of the court, or should I communicate? Well, let's see what Mr. Sadie has to say, but I think we're making some progress here. Okay. Thank you. Are we making progress, Mr. Sadie? I hope. I think from ñ obviously, we've been ñ if we could have resolved this case before we briefed it, we would have tried to do that. Okay, if that was then, this is now. This is now. My bet is that if there is a clear indication from the court that the procedure below was not in conformance, that I would certainly be enthusiastically participating in trying to get it resolved quickly. If we can't get it resolved quickly, I'll be back asking for what I asked for before. Suppose we deferred submission of the case until a week from today. You and counsel can confer, and she can check with her handlers or whoever she deals with. I'm at the court's disposition on questions of resolving matters through mediation. I believe that if the BOP thinks that there is an advantage to not having the case resolved within a decision on this. Well, I think both of you have heard what various members of the panel think are the weaker parts of your case, and each of you has some of those, which seems like a classic situation to work something out. I'm happy to confer with the BOP. I'm happy to have the matter deferred for submission, during which time I will confer with my colleague. But I also would like to make sure that the court understands that we do believe that it was, that the additional week is an additional week of consecutive time, and that it's a violation of both the State and the Constitution. And I will be back asking for the court to act as I've described previously, if we are unable to resolve it. Yes. Yes. How about we defer submission of this case for a week and ask counsel to submit a joint status report by the close of business a week from today. Fair enough? Does that work? Thank you. Thank you. Submission deferred.
judges: Tashima, Silverman, Graber